UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PROSSER FERTILIZER & AGROTEC   :
CO., LTD.,                                  :
     Plaintiff,                   :
                                      :
v.                                     :      3:18-cv-01373-WWE
                                        :
NITRON GROUP CORPORATION,   :
     Defendant.                 :

## ORDER OF REFERRAL TO ARBITRATION

The Court hereby directs that this case be stayed and that the parties

proceed to arbitration in the manner provided in the sales contract at issue.  See

Katz v. Cellco Partnership, 794 F.3d 341, 344-46 (2d Cir. 2015) (holding that

district courts must stay an action when satisfied that the parties have agreed to

arbitrate issues underlying the district court proceeding).  Because "[a]ny dispute

arising out of *or relating to* this contract, or the breach, termination or validity

thereof, shall be referred to arbitration," the arbitrators shall determine the

underlying merits of the instant case, including Prosser's alleged standing as

third-party beneficiary to the contract (emphasis added).  The broad language of

the agreement to arbitrate mandates that the issue of arbitration eligibility itself

is a question to be submitted to arbitration.  See Smith Barney Shearson Inc., 656

N.Y.S.2d 203, 205 (N.Y. App. Div. 1997) (finding agreement to arbitrate "any

controversy arising out of or relating to" the agreement to clearly and

unambiguously indicate parties' agreement to arbitrate all disputes, including

eligibility); see also Monarch Consulting, Inc. v. National Union Fire Ins. Co. of

Pittsburgh, PA, 47 N.E.3d 463, 473-74 (N.Y. 2016) ("The Supreme Court has also

held that arbitration agreements must be enforced according to their terms, and that parties can agree to arbitrate gateway questions of arbitrability."); see also Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 (2006).

The presumption that a court should decide arbitrability may be rebutted where the agreement clearly indicates the parties' intention to have such questions decided by the arbitrator. See Telenor Mobile Communications AS v. Storm LLC, 584 F.3d 396, 406 (2d Cir. 2009). The sales contract at issue in the instant case provides the following:

> Any dispute, controversy or claim arising out of or relating to this contract, or the breach, termination or validity thereof, shall be referred to arbitration by three persons in New York, New York, . . .

Moreover, the Second Circuit has held that the words "any and all" are elastic enough to encompass disputes over whether a claim is timely and whether a claim is within the scope of arbitration. See PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir. 1996). Accordingly, the parties shall proceed to arbitration.

So ordered this 11th day of June, 2019, at Bridgeport, Connecticut.


_____/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE